# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN B. JONES, SR. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-18-3350 |
| STATE OF MARYLAND, ATTORNEY GENERAL OFFICE, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-referenced complaint was filed on October 29, 2018, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted.

Plaintiff asserts that the State failed to "hold initial appearance under Maryland Rule 4-213 until forty-two days later;" that no formal charges were brought against him until September 23, 2009, in violation of his due process rights; and that the state court violated his speedy trial rights. ECF 1 at p. 3. As relief, he seeks unspecified compensatory damages for lost wages and pain and suffering as well as a new trial. *Id*. The Court construes his Complaint as one brought under 42 U.S.C. § 1983.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any

outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

The complaint allegations, if allowed to proceed, will go to the validity of the criminal judgment. As in *Heck* itself, the pendency of an appeal does not change the result. Unlike where criminal trial proceedings are ongoing or imminent, as in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), a judgment has been entered in this case. The complaint must be dismissed without prejudice. A separate order follows.

Dated this 5th day of November, 2018 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge